UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO MARTINEZ-SANTACRUZ,

        Petitioner,               Case No. 1:07-cv-324

v.                                       Honorable Gordon J. Quist

MARY K. BERGHUIS,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because the statute of limitations expired after Petitioner filed his habeas petition, the Court will stay the proceedings pending exhaustion of Petitioner's claims in the state courts.

**Discussion**

I.   Factual allegations

Petitioner is incarcerated in the E.C. Brooks Correctional Facility. He was convicted in the Eaton County Circuit Court of first-degree home invasion, kidnapping and first-degree felony murder. On June 15, 2004, the trial court sentenced Petitioner to imprisonment of 95 to 240 months for the home invasion conviction, 135 to 360 months for the kidnapping conviction and life imprisonment without the possibility of parole for the felony murder conviction. In an unpublished opinion issued on February 14, 2006, the Michigan Court of Appeals affirmed Petitioner's convictions for felony-murder and home invasion, but reversed his kidnapping conviction because the Double Jeopardy Clause prohibits a defendant from being convicted of felony murder and the underlying felony. *See People v. Martinez-Santacrus*, No. 257461 (Mich. Ct. App. Feb. 14, 2006). Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but it was rejected as untimely.

Petitioner now raises the following grounds for habeas corpus relief: (1) Petitioner's Fifth Amendment rights were violated when he was subjected to a custodial interrogation without being advised of his right against self-incrimination; (2) Petitioner was denied a fair trial when the trial court improperly admitted the English translation of Petitioner's Spanish words, which was hearsay and was not translated by someone with expertise in translating Spanish; (3) trial counsel was ineffective for failing to request a "defense of others" instruction when the defense theory was that Petitioner attacked the victim because he believed that his father's life was in danger; and (4) Petitioner's right against double jeopardy was violated when he was convicted of felony murder and the underlying felonies.

## II. Failure to exhaust available state-court remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner concedes that his claims were not reviewed by the Michigan Supreme Court because his application for leave to appeal was rejected as untimely. However, Petitioner argues that the Michigan Department of Corrections was at fault for the delay in mailing his application for leave to appeal. Petitioner claims that under the "mailbox rule," his application was timely filed in the Michigan Supreme Court, and thus, Petitioner satisfied the exhaustion requirement. Under the Sixth Circuit's mailbox rule, a habeas petition is deemed filed when handed

to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Sixth Circuit adopted the mailbox rule from the Supreme Court's decision in *Houston v. Lack*, 487 U.S. 266, 270-72 (1988). In *Houston*, the Supreme Court held that a prisoner's notice of appeal will be deemed filed if it is delivered to the proper prison authorities for forwarding to the district court within the time allotted for an appeal. The "prisoner mailbox rule" has its origins in interpretation of federal law. *See In re Sims*, 111 F.3d at 47; *Marshall v. Tyszkiewicz*, No. 99-1364, 2000 WL 924483, at *1 (6th Cir. June 28, 2000) (applying "prisoner mailbox rule" to the filing of a federal habeas action pursuant § 2254). The Michigan courts, interpreting its own law, have expressly rejected the federal prisoner mailbox rule and instead have found that delivery of the document to the court clerk is a necessary component of filing. *See Walker-Bey v. Dep't of Corr.*, 564 N.W.2d 171, 173 (Mich. 1997); *People v. Williams*, No. 205978, 2000 WL 33395316, at *23 (Mich. Ct. App. Dec. 8, 2000).

Petitioner cites *Pugh v. Dep't of Corr.*, 713 N.W.2d 266 (Mich. 2006), in support of his claim that the mailbox rule applies to pleadings filed in Michigan courts. In that case, the Michigan Supreme Court denied the application for leave to appeal, thereby declining to adopt a prisoner mailbox rule. Justice Kelly dissented from the decision, urging the Court to adopt a mailbox rule. Therefore, *Pugh* further demonstrates that the Michigan Supreme Court has not adopted a prisoner mailbox rule. Even if Petitioner could show that his application for leave to appeal was improperly rejected under state law by the Michigan Supreme Court, his claims are unexhausted for purposes of federal habeas corpus review because they were not reviewed by the state's highest court. Petitioner may exhaust his claims by filing a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1,

1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

A petition containing one or more unexhausted claims is subject to dismissal without prejudice. Since the AEDPA was amended to impose a one-year statute of limitations on habeas claims, however, dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court's holding in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. In *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when dismissal of the petition could jeopardize the timeliness of a subsequent petition, the district court should stay further proceedings until the petitioner has exhausted his claims in the state court. *See also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." The Michigan Court of Appeals affirmed Petitioner's conviction on February 14, 2006. Petitioner failed to perfect a timely appeal in the Michigan Supreme Court. Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (Emphasis added). However, such a petitioner is not entitled to also count the 90-day period during which he

could have filed a petition for certiorari to the United States Supreme Court. *See United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Here, since the Supreme Court will review only final judgments of the "highest court of a state in which a decision could be had . . . ," 28 U.S.C. § 1257(a), the decision must be considered final at the expiration of the 56-day period for seeking review in the Michigan Supreme Court. *See Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003); *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999); *Ovalle v. United States*, No. 02-1270, 2002 WL 31379876, at *2 (6th Cir. Oct. 21, 2002)). Petitioner's conviction therefore became final on April 11, 2006, fifty-six days after the Michigan Court of Appeals rendered its decision. Petitioner had one year, until April 11, 2007, in which to file his habeas petition. He timely filed his petition on or about March 28, 2007.

In this case, the statute of limitations expired after Petitioner filed his habeas petition. Consequently, if the Court dismissed the instant petition for lack of exhaustion, Petitioner would be unable to file a new petition after he exhausts his claims in the state courts. Accordingly, a stay of the proceedings is warranted under *Palmer*. The United States Supreme Court has held that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v.*

*Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 277-78. If a stay is appropriate, the district courts should place reasonable time limits on a petitioner's trip to state court and back. *Id.* at 278.

The Court finds that Petitioner has satisfied the *Rhines* requirements for a stay. Petitioner contends that his application for leave to appeal in the Michigan Supreme Court was untimely as the result of delays in mailing attributable to the Michigan Department of Corrections. While this alleged delay does not excuse Petitioner's failure to exhaust his claims, it does provide sufficient cause for his failure to exhaust before filing his habeas petition. The Court also finds that Petitioner's unexhausted claims are not plainly meritless and that he has not engaged in intentionally dilatory litigation tactics. The *Palmer* Court indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721.[1] Petitioner, therefore, will be required to file a motion for relief from judgment in the Eaton County Circuit Court within thirty days of this Court's opinion, and order. Petitioner also will be required to file an amended petition setting forth his newly exhausted claim no later than 30 days after a final decision by the Michigan Supreme Court. Petitioner's failure to comply with the deadlines imposed by the Court may result in dismissal of the petition.

---

[1] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

**Conclusion**

For the foregoing reasons, the Court will stay the proceedings and administratively close this action pending exhaustion of Petitioner's state-court remedies.

An Order consistent with this Opinion will be entered.

Dated: June 26, 2007            /s/ Gordon J. Quist
                                Gordon J. Quist
                                United States District Judge